RAFAEL MARTÍNEZ GUZMÁN, demandante y recurrente, *v.*
JOSÉ ÁLVAREZ BRUNET, ALCALDE DEL MUNICIPIO DE CA-
TAÑO, demandado y recurrido.

*Número:* R-70-2      *Resuelto:* 4 de diciembre de 1970

*Luz de Borinquen Dávila, Rita A. Martínez de Colón* y *Luis Muñoz Rivera,* abogados del recurrente; *Tomás Sandoval Cruz,* abogado del recurrido.

PER CURIAM: El 16 de enero de 1957 el peticionario, Rafael Martínez Guzmán, después de presentar juramento comenzó a desempeñar en el Municipio de Cataño el cargo de Líder Recreativo y Director de la Defensa Civil.

Mediante la Ordenanza Núm. 3 de 28 de julio de 1958, que rige la administración de personal en el Municipio de Cataño, se colocó el cargo de Líder Recreativo y Director de la Defensa Civil dentro del Servicio Clasificado del municipio. A tenor con dicha Ordenanza y la Ley de Personal, desde dicho año de 1959 se le empezó a descontar una suma de su sueldo al peticionario para el Fondo de Retiro al acogerse el Municipio al sistema de mérito de la Ley de Personal de Puerto Rico. ([1])

---

([1]) Reconociendo la deseabilidad de extender el servicio de mérito al servicio público en los gobiernos municipales y en las corporaciones públicas, la Asamblea Legislativa, mediante la Ley Núm. 2 de 22 de abril de 1959, autorizó a los municipios y a las corporaciones públicas a incluir a su personal en el Sistema de Retiro de los Empleados del Gobierno de Puerto Rico previos ciertos trámites administrativos. 3 L.P.R.A. sec. 782; *Soto* v. *Alcalde, Municipio de Bayamón,* 99 D.P.R. 415, resuelto (En Reconsideración) en 17 de noviembre de 1970.

Mediante la Ordenanza Núm. 8 de 17 de abril de 1964 el Municipio de Cataño estableció un plan de retribución para el Servicio Clasificado e incluyó en el mismo el cargo de Director de la Defensa Civil y Líder Recreativo con una escala de sueldo de $180.00 a $264.00 mensuales. Al amparo de la ley y de la ordenanza, el 1ro. de julio de 1965 se le extendió nombramiento permanente al peticionario con un sueldo de $216.00 mensuales y se le adicionaron los deberes de Encargado de la Propiedad.

El peticionario desempeñó a cabalidad los deberes que le fueron impuestos. Como Encargado de la Propiedad llevaba un tarjetero de la propiedad no fungible del Municipio y sometía mensualmente un informe al Departamento de Hacienda sobre la adquisición por el Municipio de esta clase de propiedad. Como Director de la Defensa Civil desempeñaba sus deberes en caso de fuegos, inundaciones y cualesquiera otros desastres y desempeñaba las funciones de enlace con otros organismos gubernamentales tales como Bienestar Público, la Policía, la C.R.U.V., el Servicio de Bomberos y también con la Cruz Roja. Para prepararse para dichas funciones tomó cursos y seminarios sobre defensa civil, sobre administración de refugios, ayuda médica, operación de instrumentos de radio y otros.

En 13 de enero de 1969, al tomar posesión de su cargo un nuevo Alcalde, destituyó al peticionario sin razón aparente, sin formularle cargos y sin celebración de vista.

Ante esa situación el peticionario recurrió a los tribunales de justicia solicitando que éstos ordenasen que se le repusiese en su cargo y se le pagasen los haberes dejados de percibir desde que fue dejado cesante. El tribunal de instancia en 21 de noviembre de 1969 dictó sentencia en corte abierta declarando sin lugar la solicitud del peticionario. Ante nos el peticionario señala que dicho tribunal cometió error al sostener la validez de su destitución. El demandado, mediante sus alegatos presentados en 29 de enero y 2 de marzo

de 1970, sostiene que el peticionario no era un empleado sino un funcionario municipal y que por lo tanto "no le aplica el Artículo 93 de la Ley [Municipal] . . . ." Entiende el demandado que dicho artículo se aplica a los empleados pero no a los funcionarios municipales. En 11 de febrero de 1970 decidimos revisar la antes citada sentencia del tribunal de instancia.

■ No tiene razón el demandado. El peticionario fue despedido el 13 de enero de 1969 y ya para esa fecha regía el texto vigente del Art. 93 de la Ley Municipal, según enmendado por la Ley Núm. 99 de 22 de junio de 1966 (21 L.P.R.A. sec. 1553, Suplemento), el cual protege tanto a los empleados como a los funcionarios municipales de las destituciones sin justa causa, sin formulación de cargos y sin previa audiencia. En lo pertinente dispone dicho Art. 93 de la Ley Municipal como sigue:

". . . Los funcionarios y empleados municipales podrán ser destituídos por el Alcalde, por justa causa, previa formulación de cargos y previa audiencia señalada con diez (10) días de anticipación. Dicha audiencia se celebrará ante la Comisión del municipio correspondiente y en la misma el funcionario o empleado afectado podrá defenderse de los cargos y estar representado por abogado. . . ."

De lo anterior surge claramente que el Alcalde no podía destituir en la forma en que lo hizo al peticionario. No puede dejarse cesante así a un empleado o funcionario permanente, que ha desempeñado con probidad sus funciones y que ha venido válidamente cotizando para el Fondo de Retiro por espacio de más de diez años. Para una discusión detallada de los principios jurídicos y de sana administración pública que informan la Ley Municipal y nuestra jurisprudencia constante sobre la materia, véase *Soto* v. *Alcalde, Municipio de Bayamón*, (En Reconsideración) 99 D.P.R. 415, resuelto en 17 de noviembre de 1970 y las autoridades allí citadas.

En vista de lo anterior, *se revocará la sentencia del tribunal de instancia dictada en este caso en corte abierta en 21 de noviembre de 1969 y se dictará otra declarando con lugar la demanda y ordenando al demandado a reponer al peticionario en el cargo de Director de la Defensa Civil Local y Encargado de la Propiedad Municipal, que venía ocupando hasta el momento de su destitución, y a pagarle los haberes dejados de percibir desde la fecha de su suspensión.*

El Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Hernández Matos y Santana Becerra no intervinieron.